**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JAMES CHANDLER,

                         Plaintiff,

          -against-                        **PLAINTIFF DEMANDS**
                                                  **A TRIAL BY JURY**

ASTRA HOME CARE, INC. d/b/a TRUE CARE, and
RASHA SALFITI, *Individually,* and NASHITA
RAHMAN, *Individually,*

                        Defendants.
-------------------------------------------------------------------X

       Plaintiff James Chandler, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complain of the Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")) New York City Human Rights Law, New York City Administrative Code § 8-107 *et seq.*, ("NYCHRL") and seek damages to redress the injuries he has suffered as a result of being subjected to discrimination by his employer, solely on the basis of his sexual orientation and retaliation for complaining of said discrimination.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law

pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the occurrences giving rise to this action took place within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated October 19, 2022, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. Plaintiff JAMES CHANDLER (hereinafter "Plaintiff") is a resident of the State of New York, County of Kings.

9. At all times relevant, Plaintiff identifies as a homosexual male.

10. At all times material, Defendant ASTRA HOME CARE, INC., individually and d/b/a TRUE CARE (hereinafter also referred to as "TRUECARE") was and is a domestic business corporation operating under the laws of the State of New York.

11. At all times material, Defendant TRUECARE is a licensed home care agency that provides in-home care via home health aides, licensed practical nurses (LPN's), caregivers, and nurses to residents of New York City.

12. At all times material, Defendant TRUECARE is headquartered at 117 Church Avenue, Brooklyn, NY 11218, and operates an office located at 391 E. 149th Street, Suite 202, Bronx, NY 10462 (the "Bronx office").

13. At all times relevant hereto, Plaintiff was an employee of Defendant TRUECARE.

14. At all times relevant hereto, Defendant RASHA SALFITI ("SALFITI") was an employee

of Defendant TRUECARE, holding the position of "Director of Human Resources."

15. At all times relevant hereto, Defendant SALFITI was Plaintiff's supervisor and/or held supervisory authority over Plaintiff. Defendant had the authority to hire, terminate, and/or affect the terms and conditions of Plaintiff's employment.

16. At all times relevant hereto, Defendant NASHITA RAHMAN ("RAHMAN") was an employee of Defendant TRUECARE, holding the position of "Director of Operations."

17. At all times relevant hereto, Defendant RAHMAN was Plaintiff's supervisor and/or held supervisory authority over Plaintiff. Defendant had the authority to hire, terminate, and/or affect the terms and conditions of Plaintiff's employment.

18. Defendants TRUECARE, SALFITI, and RAHMAN are collectively referred to herein as "Defendants."

## MATERIAL FACTS

19. From on or about September 7, 2021, Defendants hired Plaintiff as a "Field Recruitment Manager."

20. As a Field Recruitment Manager, Plaintiff's job duties included but were not limited to collaborating with the Branding Department for printed materials and merchandise to use at job fairs to promote the company's brand and mission, participating in monthly recruiting events for each of the recruitment offices across New York City, and attending job fairs, networking events and schools.

21. Since the beginning of Plaintiff's employment with Defendants, Plaintiff was the victim of a degrading and humiliating hostile work environment based on his gender and sexual orientation.

22. On the first day of work, Defendant RAHMAN and Larissa Solovsky, Human Resources Manager, approached Plaintiff and stated that Plaintiff's attire was too "loud," "noisy," and

"flamboyant" for the workspace.

23. That day, Plaintiff was wearing a wool dress hat, basic slacks and white button down.

24. Plaintiff was confused, hurt, shocked, and offended by this verbal attack which was plainly based on his perceived sexual orientation.

25. On or about September 15, 2021, Defendant RAHMAN instructed Plaintiff to use the company credit card for Plaintiff's work-related transportation and expenses.

26. Over approximately the next three (3) months, Defendant RAHMAN made repeated comments about the manner in which Plaintiff spoke and dressed, including comments such as "Your coat is fabulous" but "maybe you should turn it down and blend in" and calling Plaintiff's speech "flamboyant."

27. Plaintiff constantly felt berated, belittled, and humiliated after these discriminatory comments.

28. In December of 2021, Defendant RAHMAN stated to Plaintiff, "[I] prefer tall black men."

29. In January of 2021, Defendant RAHMAN sent Plaintiff multiple suggestive photos of her in social settings and after work hours, to which Plaintiff did not respond.

30. These communications from his direct supervisor made Plaintiff feel very uncomfortable, as he was one of only two (2) Black male employees at TRUECARE.

31. On or about February 14, 2022, a package addressed to Plaintiff was delivered to the office while Plaintiff was on vacation. This package contained work-related marketing products that were traditionally feminine, including a woman's blouse, a scarf, and pair of glasses, for the purpose of being prizes at a work raffle.

32. On February 16, 2022, upon Plaintiff's return to the office from vacation, Defendant RAHMAN and Larissa Solovksy approached Plaintiff and accused him of unauthorized credit card charges dating back to August of 2021, including charges she herself had

authorized, and informing Plaintiff that TRUECARE would be conducting an investigation.

33. On or about February 17, 2022, Plaintiff discovered the aforementioned package had been opened and inspected by the Human Resources Department.

34. When Plaintiff complained to Larissa Solovsky that same day, she accused him of sending "personal items" to the office space.

35. Plaintiff felt targeted and confused and Plaintiff explained that they were products for an office raffle.

36. Plaintiff then filed a formal complaint that included his gender and sexual orientation discrimination, as well as disputing the nature of the credit card charges.

37. In response, Defendants issued an apology to Plaintiff and said that all of his matters were "water under the bridge."

38. Plaintiff felt confused and offended by Defendants' lackadaisical treatment of both their unfounded and extreme accusations and his allegations of discrimination that led up to these accusations.

39. Thereafter, Plaintiff experienced heightened scrutiny from Defendant RAHMAN. Defendant RAHMAN instituted onerous new protocols on Plaintiff, including daily follow-ups, recaps, and increased delays in reimbursements. Defendant RAHMAN also began following up with all of Plaintiff's interactions with recruiters and clients.

40. Defendant RAHMAN also then refused to pay Plaintiff for any extra hours worked on weekends.

41. Defendant RAHMAN did not discipline or treat Plaintiff's heterosexual and/or female employees the way she treated Plaintiff.

42. Plaintiff felt uncomfortable, unsafe, and alienated in his workspace due to his gender and

sexual orientation, which affected his ability to perform his job duties.

43. On or about mid-March of 2022, Plaintiff complained again of the unbearable work environment to Michael Werzberger, President and CEO, and stated that he would be unable to work for Defendants unless other remedial actions were taken. Mr. Werzberger instructed Plaintiff to address the issues with his direct supervisor (Defendant RAHMAN) and then to Human Resources.

44. On or about the end of March 2022, Plaintiff then consulted with Defendant SALFITI and repeated his aforementioned complaints. However, Plaintiff was given no feedback or response.

45. On or about April 11, 2022, Plaintiff inquired to Defendant SALFITI regarding the status of his complaints and his employment.

46. On or about April 21, 2022, Defendant SALFITI responded to Plaintiff indicating that he was no longer an employee of Defendants as of March 22, 2022. It additionally noted that Defendants would not provide Plaintiff any further information regarding its internal investigations.

47. The above examples constitute just some of the acts of harassment and discrimination that Plaintiff experienced on a regular basis while employed by the Defendants.

48. Plaintiff was subjected to discrimination based on his gender and sexual orientation and terminated in retaliation for complaining of said discrimination.

49. Plaintiff was subjected to such a discriminatory, hostile and abusive work environment that no reasonable person should or could be expected to endure.

50. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff' work environment.

51. Plaintiff was treated differently by Defendants solely due to his gender and sexual

orientation.

52. Plaintiff has been unlawfully discriminated against, humiliated, degraded, and belittled, and, as a result, suffer loss of rights, emotional distress, loss of income, earnings and physical injury.

53. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

54. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

55. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demand punitive damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [they have] opposed any practice made an unlawful employment practice by this subchapter, or because [they have] made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

58. Defendants TRUECARE engaged in unlawful employment practices prohibited by 42

U.S.C. § 2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of their opposition to the unlawful employment practices of Defendants' employees.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

59. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

61. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his race.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

64. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating against Plaintiff because of Plaintiff's

8

opposition to the unlawful employment practices of the Defendants.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against Individual Defendants)

65. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

67. Defendants SALFITI and RAHMAN engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

68. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

69. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   (1) the employee or agent exercised managerial or supervisory responsibility; or

   (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's

      discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

      (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

  c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

Defendant TRUECARE violated the above section as set forth herein.

## JURY DEMAND

70. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by <u>Title VII of the Civil Rights Act of 1964</u>, as amended, 42 U.S.C. § 2000e *et seq.*, and the New York City Administrative Code § 8-107, *et seq.*, in that Defendants discriminated against Plaintiff on the basis of their sexual orientation, and retaliated against them for objecting to and resisting Defendants' discriminatory treatment;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to their reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the

action; and

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
January 17, 2023

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: ____/s/Shawn Clark_____
Shawn Clark, Esq.
Melissa Vo, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
sclark@tpglaws.com
mvo@tpglaws.com

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/19/2022

**To:** James Chandler
110 Van Buren Street, Apt 1
Brooklyn, NY 11221
Charge No: 16G-2022-01473

EEOC Representative and email:   Holly Shabazz
S/L Tribal Program Manager
holly.shabazz@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party wishes to pursue matter in Federal District Court.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
10/19/2022

Timothy Riera
Acting District Director

Cc: **Astra Home Care, Inc.**
117 Church Ave.
Brooklyn, NY 11218
Attn: Director of Human Resources

Melissa Vo, Esq.
Phillips & Associates
Attorneys at Law
45 Broadway, Suite 430
New York, NY 10006

Please retain this notice for your records.